VINAL D. WASS *vs.* MAINE MUTUAL MARINE INSURANCE CO.

*Agent—who is. Insurance upon open policy—when effected.*

When an insurance company issues to a person an open policy, with blanks therein for the indorsement of risks agreed upon by him and blank certificates for the description of the risks thus agreed upon to be signed by him, with authority to take the premiums, he is to be deemed an agent of the company.

When an open policy is issued "on property on board vessel or vessels, at and from port or ports in the United States and foreign countries, with such other risks as may be agreed on, as per indorsement hereon, accepted by the company," and the risk is agreed upon, the premium paid, and the indorsement thereof made by the agent, the insurance is effected.

ON REPORT.

ASSUMPSIT on an open policy of insurance or on a certificate issued under such policy, the terms of which and all material facts are stated in the opinion.

*Charles P. Stetson*, for plaintiff.

*F. A. Wilson*, for defendants, contended that the instructions sent Hopkins with the open policy restricted him to coastwise risks between parts of the United States exclusively; also, that no insurance could be effected till the risk was accepted by the company, and that this one was promptly declined.

APPLETON, C. J. This is an action on a certificate or policy of insurance.

On Jan. 2, 1871, the defendants issued an open or running policy to George A. Hopkins " for account of whom it may concern, loss, if any, payable to George A. Hopkins, a member of said company (pursuant to said acts and by-laws), to be insured, lost or not lost, fifty thousand dollars on property on board vessel or vessels, at and from port or ports in the United States and foreign countries to other ports in the United States and foreign countries, with such other risks as may be agreed as per indorsement hereon, accepted by this company."

The plaintiff applied to Mr. Hopkins for insurance on a cargo of hay, shipped on board schooner Julia, from Dover, N. B., to Boston. The rate of insurance was agreed upon, the premium paid, and an indorsement made by Hopkins on the open policy running to him of the amount insured upon the hay.

Policies like the one under consideration are termed open policies because they remain open for the addition of subject-matters, to which the insurance attaches. The insurance is made by the indorsement thereon of whatever is to be insured and the amount to be insured. Sometimes the policy requires the assent of the insurers to the indorsement before the insurance attaches. In other policies the indorsement of itself has this effect, when made by an agent.

At the time of the indorsement · Hopkins gave the plaintiff a certificate in these words:

MAINE MUTUAL MARINE INSURANCE COMPANY, BANGOR, ME.
$600.                                                    No. 8.

*Revenue Stamp.*    *This certifies* that, on the eleventh day of November, 1871, V. D. Wass insured under and subjected to the conditions of open policy, No. 97, with Maine Mutual Marine Insurance Company, $600, on cargo hay on board the schooner Julia, of Jonesport, Me., at and from Dover, N. B., to Boston.
Loss payable to V. D. Wass.
Under deck, $300 at 1½ per cent, $4.50.
On deck, $300 at 5 per cent, $15.00.
                                        GEORGE A. HOPKINS, agent.
Dated at Millbridge, Nov. 11, 1871.

The defendants gave Hopkins an open policy, not for himself, but for the benefit " of whom it might concern." On the back thereof the date, amount, rate, premium, and subject-matter of insurance were to be indorsed as indicated by the blanks for that purpose. The indorsements were to be made by Hopkins. They gave him blank certificates, like the one given the plaintiff, to be filled and signed by him. He was to sign them for the company, not for and on his own account. They authorized him to write risks by indorsement and receive premiums therefor. They may not have intended he should bind the company at pleasure. They may have expressly directed him that he should not. But the question is not what powers the defendants intended to confer on him, but what those dealing with him were authorized to consider as conferred upon him by the documents they furnished for his use, and which they must have expected he would use. True, if his authority was limited or restricted, and that limitation or restriction was known to the plaintiff, he must be bound thereby. But it is not pretended that the plaintiff was aware of any restriction or limitation, if any there was. He must, therefore, be deemed their agent to fill the blank indorsements upon his open policy and to issue blank certificates, when he has agreed with the party to be insured upon risks and has received the premiums therefor. Being their agent for those purposes, the inquiry arises whether the company is bound by an indorsement made and a certificate issued by him, where the risk has been agreed upon, the indorsement made, and the premium paid, in good faith, by one ignorant of any limitations or restrictions upon his authority, if any there were.

The certificate which they furnished Hopkins to fill and sign described the person whose name was to be inserted in the blank as " insured under and subject to the conditions of open policy, No. —." The blank was filled by inserting the name V. D. Wass, and 97 as the number of the open policy. The plaintiff must have understood that he was insured. By recurring to

" open policy, No. 97," he would perceive that the company were in the habit of issuing open policies, and he would naturally infer that this was the ninety-seventh of that description.  By examining it, he would see it was conditioned that the insurance was to be " on property on board vessel or vessels, at and from port or ports in the United States and foreign countries to other ports in the United States and foreign countries, with such other risks as may be agreed upon, as per indorsement hereon, accepted by the company."  The certificate describes the plaintiff " insured."  It refers to the open policy.  The risk is agreed upon, the premium is paid.  The certificate indicates that it is to be agreed upon by the agent having it in his possession, and that having been agreed upon it is to be signed by the agent and given to the person thereby insured when the premium is paid.  It refers to the open policy given to the agent.  The holder of the open policy indorses the risk as agreed upon.  It is in his hands for that purpose, as the blanks were furnished by the defendants to be used, and the use contemplated was the filling them when risks were agreed upon and premiums paid.  The certificate indicates that the risk was to be agreed upon by the agent having it in his possession, and that having been agreed upon it was to be given to the person insured as a voucher or proof of the contract.

The expression " as per indorsement hereon, accepted by the company " indicates that the risk, " as may be agreed upon," was to be regarded as " accepted by the company by indorsement hereon."  Accepted by the company cannot mean the same thing as " to be accepted by the company."  The one expression is in the present ; the other is contingent and in the future.  The natural and obvious meaning of the clause in the open policy is that whenever an agreed risk is indorsed thereon it is to be regarded as accepted and binding.  The insurance was complete when the premium was paid and the risk was agreed upon, " as per indorsement, accepted by the company," not an indorsement to be accepted at some indefinite period in the future.  The indorsement

by the agent, the receiving the premium, and issuing the certificate completed the contract.

No question is made but the loss occurred. The defendants are, therefore, to be defaulted. *Defendants defaulted.*

CUTTING, WALTON, DICKERSON, and BARROWS, JJ., concurred.